The defendant claimed title to the land under a deed made to him by the Sheriff of Craven County, who sold the land by virtue of an execution issuing from Jones Superior Court.
It appeared from the record of Jones Court, which made part of the case, that a writ had issued against Nathaniel Tisdale and Dorcas Bryan, executors of Hardy Bryan, at the instance of William Coombs, to which the defendants, among other things, pleaded fully administered, and a jury found that the defendants had fully administered, and on the other issues found for the plaintiff, assessing his damages to £ 125 and costs.
The clerk of the court thereupon issued a paper-writing to the sheriff of Craven, commanding him to summon John Council Bryan, the heir of Hardy Bryan, deceased, by Dorcas Bryan, his guardian, to be and appear at the next term of the court, to show cause why he should not be made defendant in the action brought by Coombs, and why there should not be judgment and execution against him. On the return of this paper endorsed "Made known," the clerk docketed it as a sci. fa., and the entry made was "judgment by default according to sci. fa."
It also appeared from the records that a jury had been impaneled in the suit against Tisdale and Dorcas Bryan, but no judgment appeared to have been rendered. The clerk then issued a fi. fa. against the goods and chattels, lands and (344) tenements of the heirs of Hardy Bryan, reciting therein that William Coombs had recovered against John Council Bryan. On this the sheriff levied on and sold the land in controversy to the defendant.
Dorcas Bryan was the widow of Hardy Bryan and mother of John Council Bryan, but was never appointed his guardian by any court.
If it be necessary for defendant to produce a judgment (and I think it is), it will be difficult to find one on the *Page 251 
record from Jones. A new kind of process has issued, calling upon John Council Bryan, by his guardian, to show cause why he should not be made party to an action of debt commenced by William Coombs; on this a judgment is taken "by default, according to sci. fa., thereby meaning the process just spoken of, a process which the clerk had no right to issue and on which no person could have a right to enter any judgment.
Further, it is admitted that Dorcas Bryan was not the guardian of John Council Bryan; he was, therefore, not a party to the proceeding in court, had they been perfectly regular; her being a defendant in the original suit as an executrix does not alter the case; she was not on that account bound to protect the interest of the heir.
I think the proceedings which have been had are altogether void, and that they cannot be made to serve the purposes of a regular judgment or, indeed, of an irregular one. Anonymous, 2 N.C. 73.
But suppose that a judgment need not be shown by the defendant: it is taken for granted, and the strong presumption is that there is one; that presumption, while it lasts, is sufficient perhaps for the person claiming under the execution, but, like other presumptions, surely it may be done away by proof.
In the present case it is admitted that there is no judgment, (345) unless the record produced show one. I think it will not do to say that an execution protects property in the hands of a purchaser, if a clerk thinks proper to issue it without any authority; this, it is possible, he may do fraudulently, and the person purchasing may purchase honestly; yet, if you say that in such case the purchase is good, you at the same time say that a person may be deprived of property without trial, hearing or notice. To such a doctrine I cannot assent. My opinion, therefore, is that the plaintiff is entitled to judgment.